## S95A0078. WATERS v. THE STATE.
(458 SE2d 125)

SEARS, Justice.

The appellant, Billy Waters, was found guilty of the malice murder of Roy Young and of the possession of a firearm during the commission of a felony.[1] He appeals, and we affirm.

1. The evidence, including an eyewitness account and statements Waters made to his ex-wife, would have authorized a jury to find that Waters shot the victim from close range with a shotgun, placed the victim in the trunk of Waters's car, and disposed of the body in an area of Gwinnett County. After Waters's ex-wife heard news reports that police had found an unidentified body, she asked Waters if that was the victim. Waters stated that it was. His ex-wife went to police, identified the body, and told the police that Waters had killed the victim. Contrary to Waters's first enumeration of error, the evidence was sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We conclude that one of Waters's remaining enumerations of error is procedurally barred and that the others are without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1995 —
RECONSIDERATION DENIED JUNE 30, 1995.

*Michael M. White,* for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

---

[1] The crimes occurred on December 11, 1992. Waters was indicted on May 4, 1993. A jury convicted him on February 17, 1994, and the trial court sentenced him on March 3, 1994. The court reporter certified the transcript on March 4. Waters filed a motion for new trial on March 8, and amended his motion for new trial on July 20, 1994. The court denied the motion, as amended, on August 4, 1994. The appeal was docketed in this Court on September 30, 1994, and was submitted for decision on November 21, 1994.

[2] In his remaining enumerations of error, Waters contends that the trial court erred by permitting the state to violate his right to remain silent (procedurally barred); by failing to rule on the admissibility of a prior crime before trial; by ruling that the prior crime was admissible; by failing to grant his motion for mistrial based on a statement by the prosecutor that Waters alleges placed his character into issue; and by improperly restricting his cross-examination of a state's witness.